IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **JUNIOR THOMPSON**<br>**Plaintiff,** | : | **CIVIL ACTION** |
|  | : |  |
|  | : | **NO. 07 - 2617** |
|  | : |  |
| **v.** | : |  |
|  | : |  |
| **JAMES WYDNER** | : |  |
| **Defendant.** | : |  |
|  | : |  |
|  | : |  |

F I L E D

FEB 01 2008

MICHAEL ....... , Clerk
By_____Dep. Clerk

## ORDER AND MEMORANDUM

## O R D E R

**AND NOW**, this 30th day of January, 2008, upon consideration of petitioner's *pro se*

Motion for equitable relief in the exercise of this court's inherent Article III powers, and/or for

relief from judgment pursuant to Federal Rule Civil Procedure 60(b) or 28 U.S.C.A. § 2243

(Document No. 1, filed June 21, 2007); petitioner's Amended Action to Obtain Relief from

Judgment or Order Pursuant to Rule 60(b) F.R. Civ. P. (Document No. 8, filed October 30,

2007); respondent's Response to Amended Action to Obtain Relief from Judgment or Order

Pursuant to Rule 60(b) (Document No. 11, filed December 26, 2007); Junior Thompson's Reply

to Commonwealth's Response Opposing His Amended Action to Obtain Relief from Judgment

or Order Pursuant to Rule 60(b) F.R. Civ. P. (Document No. 14, filed January 22, 2008), **IT IS**

**ORDERED** that petitioner's *pro se* Motion for equitable relief in the exercise of this court's

inherent Article III powers, and/or for relief from judgment pursuant to Federal Rule Civil

Procedure 60(b) or 28 U.S.C.A. § 2243 and Petitioner's Amended Action to Obtain Relief from

Judgment or Order Pursuant to Rule 60(b) F. R. Civ. P. are **TRANSFERRED** to the United

States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for a decision on the

question whether to authorize this Court to consider as a second or successive habeas petition petitioner's *pro se* Motion for equitable relief in the exercise of this court's inherent Article III powers, and/or for relief from judgment pursuant to Federal Rule Civil Procedure 60(b) or 28 U.S.C.A. § 2243 and petitioner's Amended Action to Obtain Relief from Judgment or Order Pursuant to Rule 60(b) F.R. Civ. P.

**MEMORANDUM**

## I.   INTRODUCTION

Presently before the Court is petitioner's Amended Action to Obtain Relief from Judgment or Order Pursuant to Rule 60(b) F.R. Civ. P (hereinafter "Amended Rule 60(b) Motion"). Petitioner initially filed a *pro se* Motion for equitable relief in the exercise of this court's inherent Article III powers, and/or for relief from judgment pursuant to Federal Rule Civil Procedure 60(b) or 28 U.S.C.A. § 2243 on June 21, 2007. On October 8, 2007, petitioner retained counsel who moved the Court for an extension of time to file an amended motion pursuant to Rule of Civil Procedure 15(a). The Court granted petitioner's request by Order dated October 10, 2007 and allowed petitioner until October 30, 2007 to file an amended motion. Petitioner filed the instant Amended Rule 60(b) Motion on October 30, 2007.[1]

By way of background, by Order dated December 24, 1997, the Court (Waldman, J.) denied petitioner's habeas corpus petition under 28 U.S.C. § 2254. On May 26, 1998, the Court

---

[1] Because counsel submitted an amended motion pursuant to Federal Rule of Civil Procedure 15(a), that motion supersedes petitioner's *pro se* motion. Cf. Fugah v. Mazurkiewicz, 2005 U.S. Dist. Lexis 7292 (E.D. Pa. April 27, 2005) (analyzing only amended Rule 60(b) motion, where petitioner originally proceeded *pro se* then later submitted amended motion through appointed counsel). The Court only addresses petitioner's Amended Rule 60(b) Motion in this Memorandum.

2

of Appeals for the Third Circuit denied petitioner's application for a certificate of appealability. The Court must now decide whether the pending Amended Rule 60(b) Motion constitutes a second or successive habeas petition. If it is a second or successive habeas petition, petitioner must obtain an order from the Court of Appeals authorizing this Court to consider the Motion.

For the reasons set forth below, the Court concludes that petitioner's Amended Rule 60(b) Motion must be construed as a second or successive habeas petition. Because petitioner has not obtained an order from the Court of Appeals authorizing this Court to consider the Motion, this action is transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631 for a decision on the question whether to authorize this Court to consider the claims as a second or successive habeas petition.

## II.    BACKGROUND

A detailed factual and procedural history is included in previously reported opinions in this case. See, e.g., Thompson v. Wydner, 2005 U.S. Dist. Lexis 26236 (E.D. Pa. Nov. 5, 2005); Commonwealth v. Thompson, 674 A.2d 217 (Pa. 1996). For purposes of considering the pending Amended Rule 60(b) Motion, the Court notes the key fact that the Court denied petitioner's habeas corpus petition under 28 U.S.C. § 2254 by Order dated December 24, 1997.

The Court also notes that petitioner has previously filed two Rule 60(b) motions. The Court transferred petitioner's earlier motions to the Court of Appeals for the Third Circuit by Orders dated November 2, 2005 and June 7, 2006, after concluding that the Rule 60(b) motions constituted second or successive habeas petitions subject to the requirements of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). After transfer of petitioner's first Rule 60(b) motion, the Third Circuit "procedurally terminated" petitioner's case "without judicial

action." See Third Circuit Court of Appeals Docket No. 05-5131, Ex. D to Resp't's Resp., at 2. The Third Circuit denied petitioner's second application for leave to file a second or successive habeas petition after finding that petitioner failed to satisfy the statutory prerequisites for filing a successive petition.[2] See Third Circuit Court of Appeals Docket No. 06-2993, Ex. F to Resp't's Resp., at 2-3. Specifically, that court ruled that even if even if the jury instruction in petitioner's case suffered from the same error as that found to violate due process in Laird v. Horn, 414 F.3d 419 (3d Cir. 2005), "it would not be a miscarriage of justice if [the Third Circuit] did not revisit the merits of Thompson's first habeas petition . . . ." Id.

## III.   DISCUSSION

### A.   Petitioner's Amended Rule 60(b) Motion

Petitioner seeks relief under Federal Rule of Civil Procedure 60(b), though he does not specify the subsection or subsections of the Rule under which he seeks relief. Petitioner alleges in his Amended Rule 60(b) Motion that the Court's 1997 ruling on petitioner's habeas corpus petition suffered from two "procedural deficiencies." (Pet'r's Am. Mot. 12, 16.) First, petitioner argues that the Court failed to "consider the 'totality of the evidence' when considering

---

[2] 28 U.S.C. § 2244(b)(2) provides that a second or successive habeas corpus petition shall be dismissed unless:

> "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

4

[petitioner's] claims of ineffective assistance of counsel." (Id. at 8; Pet'r's Reply 6-8.) Second,

petitioner argues that the Court committed a procedural error when it failed to assess whether the

state court's denial of petitioner's ineffective assistance of counsel claim constituted "an

unreasonable application of Strickland [v. Washington, 466 U.S. 668 (1984)]." (Pet'r's Am.

Mot. 12, 16.)

## B.    Standard for Motions Under Rule 60(b)

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of

circumstances, including fraud, mistake, and newly discovered evidence. See Fed. R. Civ. P.

60(b).[3] The general purpose of the Rule is "to strike a proper balance between the conflicting

principles that litigation must be brought to an end and that justice must be done." Boughner v.

Sec'y of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir. 1978). "The decision to grant or

deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by

accepted legal principles applied in light of all the relevant circumstances.'" United States v.

Hernandez, 158 F. Supp. 2d 388, 392 (D. Del. 2001) (quoting Ross v. Meagan, 638 F.2d 646,

648 (3d Cir. 1981)).

While petitioner does not specify the subsection or subsections of Rule 60(b) under which

he seeks relief, he does cite cases setting forth the standard applicable to Rule 60(b)(6). (Pet'r's

---

[3] Rule 60(b) provides that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Am. Mot. 2.) Because petitioner cites these cases, and because none of the specific grounds for

relief provided in Rules 60(b)(1)-(5) apply to petitioner's Amended Rule 60(b) Motion, the Court

will treat the Motion as a motion for relief under Rule 60(b)(6).

Rule 60(b)(6) serves as the "catchall provision" in Rule 60(b). See Coltec Industries, Inc.

v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002). Rule 60(b)(6) "vests power in courts adequate to

enable them to vacate judgments whenever such action is appropriate to accomplish justice."

Klapport v. United States, 335 U.S. 601, 614-15 (1949). The Third Circuit "has consistently held

that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may

only be invoked upon a showing of exceptional circumstances." Coltec Industries, Inc., 280 F.3d

at 273 (quoting In re Fine Paper Antitrust Litig., 840 F.2d 188 (3d Cir.1988)). A Rule 60(b)(6)

motion must be made within a "reasonable time after the entry of the judgment or order or the

date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Petitioner filed the instant Motion more than fifteen years after his conviction by a jury

and more than nine years after the denial of his habeas corpus petition under 28 U.S.C. § 2254.

Because of the Court's disposition of the action, it need not address the timeliness issue.

C.  **Applicability of the AEDPA Limitation on Second or Successive Habeas Petitions to a Motion Filed Under Federal Rule of Civil Procedure 60(b)**

Before reaching the merits of petitioner's Amended Rule 60(b) Motion, the Court must

determine whether petitioner's Amended Rule 60(b) Motion is, in essence, a second or

successive 28 U.S.C. § 2254 habeas petition. Such a ruling is necessary because the AEDPA

limits a petitioner's ability to bring a second or successive habeas petition. Before filing a

second or successive 28 U.S.C. § 2254 habeas petition, a petitioner must obtain an order from the

appropriate court of appeals authorizing the district court to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A).[4]

The Supreme Court and the Court of Appeals for the Third Circuit have ruled that a Rule 60(b) motion to vacate a judgment denying a habeas corpus petition under 28 U.S.C. § 2254 is construed as a second or successive habeas petition where the Rule 60(b) motion seeks to challenge the underlying state conviction.  See Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).  In contrast, "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."  Pridgen, 380 F.3d at 727.

A Rule 60(b) motion will be considered a second or successive habeas corpus petition where "it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  Gonzalez, 545 U.S. at 532 (emphasis in original; footnote omitted).  "A determination that the Rule 60(b) motion was in essence a second or successive habeas petition means that under AEDPA the District Court d[oes] not have jurisdiction to entertain the motion [unless the petitioner is authorized by the court of appeals] to file a successive habeas petition."  Id. at 725 (citing 28 U.S.C. § 2244(b)).

---

[4] 28 U.S.C. § 2244(b)(3)(A) provides in pertinent part: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

At issue in Gonzalez v. Crosby was the question whether petitioner could utilize Rule 60(b) to challenge the district court's ruling dismissing a habeas petition under 28 U.S.C. § 2254 on statute of limitations grounds. 545 U.S. at 526. The Supreme Court concluded that petitioner's Rule 60(b) motion was not the equivalent of a successive habeas petition because the motion attacked a defect in the integrity of the federal habeas proceedings, and did not present a "claim" for habeas relief. Id. at 532-36. As a result, the Court held that the district court could rule on the Rule 60(b) motion and address the statute of limitations question without prior authorization by the court of appeals. Id. at 536-38. However, the Court cautioned that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." Id. at 531 (citing 28 U.S.C. § 2244(b)(2)).

The Gonzalez decision is consistent with the Third Circuit decision in Pridgen v. Shannon, 380 F.3d 721. In Pridgen, the court noted that, by enacting the AEDPA, Congress intended to limit the ability of a prisoner to file "an endless stream of habeas petitions," and held that "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Id. at 727.

The Pridgen court held that petitioner's claims "that the state court erred in its determination that his second PCRA petition was untimely" and "that the state court lacked jurisdiction to rule that the claims raised in his second PCRA petition had been waived" must be considered successive habeas corpus claims. Id. The court reached this result after finding that the claims had already been litigated in a habeas proceeding and that granting relief would

8

require reversing the judgment entered by the state court. Id. In contrast, the Pridgen court held

that petitioner's "contention that his second PCRA was 'properly filed' for the purposes of

tolling the AEDPA statute of limitations . . . [was] as an attack on the habeas proceeding, rather

than on Pridgen's underlying state conviction." Id. This was so, the court held, because the

"ground, if proven, would necessarily result in the reopening of Pridgen's federal habeas

proceeding. This portion of Pridgen's motion would not necessarily affect the state court

judgments in Pridgen's case." Id.

Petitioner argues that the instant Amended Rule 60(b) Motion "attacks, not the substance

of the federal court's resolution of a claim on the merits, but some defect in the integrity of the

federal habeas proceedings." (Pet'r's Am. Mot. 2) (quoting Gonzalez, 545 U.S. at 532).

Specifically, petitioner argues that the Court's 1997 decision denying his habeas corpus petition

suffered from "procedural deficiencies," because the Court only addressed whether the state

court's decision was "contrary to Strickland v. Washington," and not whether it constituted "an

unreasonable application of Strickland," and because the Court failed to consider the "totality of

the evidence" when analyzing petitioner's ineffective assistance of counsel claim. (Pet'r's Am.

Mot. 8, 12.) According to petitioner, the Court's alleged misapplication of the AEDPA standard

of review and flawed ineffective assistance of counsel analysis are not second or successive

habeas claims, but instead are the types of procedural errors for which Rule 60(b)(6) provides a

remedy. The Court disagrees with petitioner.

Under Gonzalez and Pridgen, petitioner's Amended Rule 60(b) Motion must be

construed as a second or successive habeas corpus petition. Although petitioner may have styled

his Motion as a Rule 60(b) motion to avoid the substantive gatekeeping provisions governing

second or successive 28 U.S.C. § 2254 habeas petitions, petitioner's collateral attack is precisely what the AEDPA sought to limit.

Petitioner argues that he is entitled to relief on his ineffective assistance of counsel claim, (Pet'r's Am. Mot. 12-17; Pet'r's Reply 5-8.), because of errors in Magistrate Judge Scuderi's application of Strickland in his Report and Recommendation.  In so doing, petitioner challenges the validity of his conviction and the merits of the Court's 1997 habeas corpus ruling.  Because the Motion "attacks the federal court's previous resolution of a claim *on the merits*," it is a second or successive habeas petition and petitioner was required to file an application with the Court of Appeals for the Third Circuit seeking authorization for this Court to consider it.  See 28 U.S.C. § 2244(b)(3); Gonzalez, 545 U.S. at 532.  Petitioner has failed to seek this authorization. Thus, the Court is precluded from reaching the merits of petitioner's claims.

**C.     Transfer to the Third Circuit Court of Appeals**

Under the circumstances presented, this Court must either dismiss petitioner's Amended Rule 60(b) Motion as an unauthorized second or successive habeas petition, see Pridgen, 380 F.3d at 729; Peterson v. Brennan, 2004 U.S. Dist. Lexis 11860, *36 (E.D.Pa. 2004), or transfer the claim to the appropriate court of appeals pursuant to 28 U.S.C. § 1631,[5] see Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); Peterson, 2004 U.S. Dist. Lexis, at *36.  To

---

[5] 28 U.S.C. § 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

10

avoid further delay, the Court chooses the latter approach and orders petitioner's Amended Rule 60(b) Motion transferred to the United States Court of Appeals for the Third Circuit. The Court of Appeals must decide whether to authorize this Court to consider the Amended Rule 60(b) Motion as a second or successive habeas petition.

## IV.    CONCLUSION

For the foregoing reasons, the Court does not reach the merits of petitioner's Amended Action to Obtain Relief from Judgment or Order Pursuant to Rule 60(b) F.R. Civ. P. The Court transfers that Motion and petitioner's *pro se* Motion for equitable relief in the exercise of this court's inherent Article III powers, and/or for relief from judgment pursuant to Federal Rule Civil Procedure 60(b) or 28 U.S.C.A. § 2243 to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for a decision on the question whether to authorize this Court to consider petitioner's claims as a second or successive habeas petition.

**BY THE COURT:**

JAN E. DUBOIS, J.

11